IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERTA M. CROMO and MARK CROMO, | ) ) | |
| Plaintiffs, | ) ) | |
| vs | ) ) | Civil Action No. 17-1625 |
| SSC CORAOPOLIS OPERATING COMPANY, LP, d/b/a WEST HILLS HEALTH AND REHABILITATION CENTER, | ) ) ) ) ) | |
| Defendant/Third-Party Plaintiff, | ) ) | |
| vs | ) ) | |
| COMMUNITY COLLEGE OF BEAVER COUNTY, | ) ) | |
| Third-Party Defendant. | ) | |

**MEMORANDUM OPINION**

**CONTI, Chief District Judge.**

Plaintiffs, Roberta M. Cromo and Mark Cromo, filed this action on December 15, 2017. On January 26, 2018, the defendant SSC Coraopolis Operating Co., LP d/b/a West Hills Health and Rehabilitation Center ("West Hills") filed a third–party complaint against Community College of Beaver County ("CCBC"). (ECF No. 8). On March 2, 2018, CCBC filed a motion to dismiss West Hills' third-party complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 15). The case was referred to a United States Magistrate Judge for pretrial proceedings in accordance with Magistrate Judges Act, 28 U.S.C. § 636(b)(1) and Local Rules of the United States District Court for the Western District of Pennsylvania 72.C and 72.D.

1

The magistrate judge's Report and Recommendation recommended that CCBC's motion to dismiss be granted and that West Hills' third-party complaint be dismissed. (ECF No. 23). Service of the Report and Recommendation was made on all parties. The parties were informed that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.D.2, they had until May 1, 2018 to file any objections. West Hills timely filed objections to the magistrate judge's Report and Recommendation (ECF No. 24), to which CCBC responded. (ECF No. 25).

West Hills objects to the Report and Recommendation, asserting as grounds that the magistrate judge erred in his recommendation that CCBC's motion to dismiss the third-party complaint be granted because the real property exception to immunity found in the Political Subdivision Tort Claims Act ("PSTCA"), 42 Pa. Cons. Stat. § 8542(b)(3), does not apply and because CCBC cannot waive its immunity by contract. (ECF No. 24 at 2, 4). Specifically, West Hills indicates that although the magistrate judge correctly set forth the law with respect to the exceptions to immunity in the PSTCA, it erred in concluding that the real estate exception did not apply because with respect to Roberta Cromo's injury, plaintiffs did "not allege that the bed alarm cord was affixed to the floor." (ECF No. 24 at 3). West Hills further argues that: a) determinations with respect to the exceptions in the PSTCA to immunity are to be evaluated on a case-by-case basis; b) this case is at the pleading stage; c) it is entitled to discovery to develop the facts in this matter to show that the real estate exception to immunity in PTSCA applies, and d) the magistrate judge improperly focused on the averments of the complaint, over which West Hills, as the defendant, has

2

no control. (ECF No. 24 at 3). With respect to waiver of immunity, West Hills asserts that: a) it plead an agreement with CCBC "that states West Hills will not be responsible for the injuries sustained by a nursing student of CCBC;" b) the magistrate judge improperly relied on the nonprecedential decision in Lee v. Beaver County, No. 2192 C.D. 2012, 2013 WL 3545834 (Pa. Commw. Ct. July 15, 2013); c) the matter is not fully developed at the motion to dismiss stage; and d) the provision of the contract "will have to be interpreted as this case progresses and in accordance with Pennsylvania state law." (ECF No. 24 at 4).

The court concludes that West Hills' objections are without merit. The magistrate judge correctly articulated the standards for determining a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) based upon the United States Supreme Court's opinions in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant [is liable]. . . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

(Id.) (quoting Twombly, 550 U.S. at 556) (internal citations omitted). Despite the nonmovant's belief or contention that it might uncover something to support its case in discovery, mere conclusory averments of liability are insufficient to withstand a motion to dismiss under Rule 12(b)(6). Id.

As set forth in the Report and Recommendation, (ECF No. 23 at 5-6), under the PTSCA, 42 Pa. Cons. Stat. § 8542(a), CCBC is entitled to local agency immunity, Meyer v. Community College of Beaver County, 2 A.3d 499, 500 n. 2 (Pa. 2010), subject to enumerated exceptions, which include the real estate exception under § 8542(b). With respect to the real estate exception, § 8542(b) provides:

> **(b) Acts which may impose liability.--**The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:
> \*\*\*
> (3) *Real property.*--The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency. As used in this paragraph, "real property" shall not include:
> (i) trees, traffic signs, lights and other traffic controls, street lights and street lighting systems;
> (ii) facilities of steam, sewer, water, gas and electric systems owned by the local agency and located within rights-of-way;
> (iii) streets; or
> (iv) sidewalks.

42 Pa. Cons. Stat. § 8542(b)(3).

In light of the factual scenario presented by the pleadings, namely that Roberta Cromo alleges that she was injured when she tripped over a bed alarm cord at West Hills Health and Rehabilitation Center while she was working as a nursing student in CCBC's nursing program, (ECF No. 1-2 complaint ¶¶ 8-11), the magistrate judge relied on the Pennsylvania Supreme Court's decision in Blocker v. City of Philadelphia, 763 A.2d 373 (Pa. 2000), and the Pennsylvania Commonwealth

4

Court's decision in <u>Gillingham v. County of Delaware</u>, 154 A.3d 875, 880 (Pa. Commw. Ct. 2017). Both <u>Blocker</u> and <u>Gillingham</u> addressed the real estate exception to immunity in the PSTCA. In <u>Blocker</u>, the Pennsylvania Supreme Court, remarking that the lower court erred in assigning no importance to whether the bleacher from which the plaintiff fell and was injured was attached, held that the bleacher was not attached to the ground, was therefore personalty and not a fixture, and accordingly, the real estate exception to immunity did not apply. 763 A.2d at 374-76.

In <u>Gillingham</u>, the court, following <u>Blocker</u>, addressed liability for injuries sustained by the plaintiff after a fall when her foot became entangled by computer cables and wires under a cubicle and she tripped and fell. 154 A.3d at 876. The court explained that

> [u]nder the <u>Blocker</u> approach, the determinative inquiry is whether the injury is caused by personalty, which is not attached to the reason estate, or by a fixture, which is attached. Thus, under a <u>Blocker</u> analysis, if the injury is caused by personalty that is merely <u>on</u> the real property, [] the political subdivision remains immune.

<u>Id.</u> at 880 (internal citations omitted). The court further indicated that injury caused by an object on the real property, in that case the computer cables, "does not fall within the exception unless it is a fixture. The computer cables were not affixed . . . and are not part of the real property." <u>Id.</u> at 882. The magistrate judge found <u>Gillingham</u>, involving the plaintiff tripping over computer cables on the floor, and the present case, involving Ms. Croma tripping over a bed alarm cord, indistinguishable. (ECF No. 23 at 6). This court is in full agreement.

With respect to West Hills not having control over what the plaintiffs have plead, although that is true, it is also true that it does have control over what factual averments it pleads in its own third-party complaint. That pleading, (ECF No. 8), like the complaint filed by plaintiffs, (ECF No. 1-2), does not contain factual averments that the bed alarm cord was affixed to the floor. It therefore fails plausibly to show that the real estate exception applies. The magistrate judge quite understandably referenced the

averments of the complaint, (ECF No. 23 at 7), because there are no additional averments in the third-party complaint with respect how the injury occurred. Additionally, it is of no moment that Blocker and Gillingham were decided after the pleading stage because the concepts enunciated in that line of decisions applies irrespective whether the court considers the failure to allege facts that plausibly show liability or the failure to adduce sufficient evidence to prove liability.

The arguments with respect to waiver of immunity by virtue of a provision in a contract between West Hills and CCBC likewise fail. West Hills attempts to avoid the PSTCA, which enumerates the exceptions to local agency immunity, by asserting its argument relating to its contract claim and not tort claims addressed by the PSTCA. The PSTCA broadly states that absent qualification under the stated exceptions in § 8542(b), "no local agency shall be liable for any damages on account of any injury to a person or property caused by an act of the local agency or an employee thereof or any other person." 42 Pa. Cons. Stat. § 8541.

The magistrate judge cited to McShea v. City of Philadelphia, 995 A.2d 334 (Pa. 2010), which observed that the "clear intent of the Tort Claims Act was to insulate the government from exposure to tort liability," 995 A.2d at 341, and that a local agency could not waive its tort immunity by contract. Id. The Pennsylvania Supreme Court in City of Philadelphia v. Gray, 633 A.2d 1090, 1093 (Pa. 1993), previously rejected the proposition that the immunity could be waived by enactment of an ordinance. The magistrate judge noted that although the Pennsylvania Supreme Court has not squarely addressed the issue of waiver of its immunity recognized in the PSTCA by a political subdivision through an indemnity agreement, which West Hills relies on here, several other courts have and they determined that the PSTCA's tort immunity applies regardless whether the injured party seeks recovery directly from the local agency or a third party pursues those damages from a local agency by contract action. (ECF No. 23 at 8-10).

6

The district court in Edison Learning, Inc. v. School District of Philadelphia, 56 F. Supp. 3d 674 (E.D. Pa. 2014), for example, held that in the face of the immunity provided in the PSTCA, permitting a third party's claim for indemnity based on contract to recover damages paid on account of tort liability improperly would be "an end run around the PSTCA's carefully guarded liability shield." Id. at 681. In Apfelbaum v. National R.R. Passenger Corp., No. Civ. A. 00-1788 2002 WL 32342481, at *4 (E.D. Pa. Oct. 17, 2002), the district court predicted that the Pennsylvania Supreme Court would hold that a local agency "may not do indirectly what it is expressly forbidden to do directly, and may not waive its immunity by 'any procedural devise,' to include contract, and expose itself to liability foreclosed by the legislature." 2002 WL 32342481, at *4 (holding indemnity clause in lease agreement unenforceable and that Commonwealth agency could not be made party to the suit). Similarly, in Lee v. Beaver County, No. 2192 C.D. 2012, 2013 WL 3545834 (Pa. Commw. Ct. July 15, 2013), the commonwealth court, following the Pennsylvania Supreme Court's instructions and holdings in McShea and Gray, rejected an argument that the local agency could be held liable for an underlying tort based upon assertion of an indemnity agreement—holding that the government immunity was not waived by its agreement to indemnify, and to find waiver, an exception in the PSTCA must apply. Id. at *4. Accordingly, the magistrate judge concluded "that CCBC could not waive its local immunity by means of Agreement with West Hills, [and] [b]ecause the underlying claim in this case sounds in tort, CCBC's liability would have to be based upon an exception to local immunity." (ECF No. 24 at 10) (footnote omitted). This court agrees with the sound reasoning and analysis of the magistrate judge.

Upon independent review of the motion and objections, the court adopts the magistrate judge's conclusion that there were insufficient factual allegations plausibly to show that the real

7

estate exception to PSTCA immunity applies in this case or that there is a waiver of that immunity by contract. Accordingly, West Hills' objections are without merit and overruled.

Federal Rule of Civil Procedure 15 provides that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Leave ordinarily should be granted absent a substantial reason to deny. Fraser v. Nationwide Mut. Ins. Co., 352 F.3d 107, 116 (3d Cir. 2003); Shane v. Fauver, 213 F.3d 113, 115–17 (3d Cir. 2000). Based upon the third-party complaint and filings, the court cannot say at this stage that amendment with respect to the real estate exception would be futile. Accordingly, West Hills may file a motion for leave to amend its third-party complaint against CCBA plausibly stating a claim that the real estate exception to PSTCA immunity applies within 21 days.

An appropriate order will be entered.

By the Court:

Dated: September 13, 2018

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge

cc:    The Honorable Robert C. Mitchell
       United States District Court
       Western District of Pennsylvania